**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **LETICIA XAVIER SILVA** )<br><br>)<br><br>)<br><br>)<br>Plaintiff,                                    )<br><br>)<br>v.                                             )<br><br>)<br>**U.S. CITIZENSHIP AND IMMIGRATION** )<br>**SERVICES** )<br>Office of the Chief Counsel,              )<br>5900 Capital Gateway Drive,              )<br>Mail Stop 2120,                          )<br>Camp Springs, MD 20588-0009;             )<br><br>)<br><br>)<br>**SECRETARY OF HOMELAND** )<br>**SECURITY** )<br>2707 Martin Luther King Jr. Ave SE,      )<br>Mail Stop 0485,                          )<br>Washington, DC 20528-0485;               )<br><br>)<br><br>)<br><br>)<br>**JOSEPH B. EDLOW,** in his official capacity )<br>as Director of the U.S. Citizenship and  )<br>Immigration Services                     )<br>5900 Capital Gateway Drive               )<br>Camp Springs, MD 20588-0009;             )<br><br>)<br><br>)<br>**THE    HONORABLE    MARKWAYNE** )<br>**MULLIN,** in his official capacity as Secretary )<br>of Homeland Security                     )<br>2707 Martin Luther King Jr. Ave SE       )<br>Mail Stop 0485                           )<br>Washington, DC 20528-0485;               )<br><br>)<br><br>)<br>**SARAH KENDALL,** in her official capacity )<br>as Acting Associate Director of the USCIS )<br>Field Operations Directorate             )<br>National Benefits Center                 )<br>850 NW Chipman Road, Suite 5000          )<br>Lee's Summit, MO 64063.                  )<br><br>)<br><br>) | **Case No. To be assigned**<br><br><br>**COMPLAINT FOR RELIEF UNDER THE ADMINISTRATIVE PROCEDURE ACT AND PETITION FOR WRIT OF MANDAMUS UNDER 28 U.S.C. SECTION 1361** |

Defendants.

)
)
)
)
)

Plaintiff Leticia Xavier Silva, through undersigned counsel, alleges as follows:

## I.    INTRODUCTION

1.    Plaintiff seeks judicial relief to compel U.S. Citizenship and Immigration Services ("USCIS") to adjudicate her long-pending Form I-485, Application to Register Permanent Residence or Adjust Status. Plaintiff filed the application on June 22, 2022, in connection with her Special Immigrant Juvenile ("SIJ") classification. USCIS approved Plaintiff's underlying Form I-360 petition on December 24, 2022, with a priority date of June 22, 2022. Her adjustment application remains pending more than four years after filing.

2.    USCIS's online case-status record states that the case "remains pending" because an immigrant visa number was not immediately available and that processing would resume once a number became available. The August 2026 Visa Bulletin lists a final action date of October 15, 2022, for the employment-based fourth preference category for all chargeability areas. Plaintiff's June 22, 2022 priority date is earlier than that date, and an immigrant visa number is therefore presently available to her, subject to USCIS's lawful confirmation of eligibility and allocation.

3.    USCIS issued a Request for Evidence dated July 22, 2024, identifying Plaintiff's Form I-485 under Receipt Number MSC2290576015. The RFE requested a completed Form

I-693 medical examination, and counsel's August 16, 2024 response letter states that the RFE and sealed Form I-693 were being submitted to the Los Angeles County Field Office.

4.    Plaintiff does not ask this Court to direct USCIS to approve her application or dictate any substantive result. She seeks only an order requiring Defendants to perform their nondiscretionary duty to resume processing and adjudicate the Form I-485 within a definite and reasonable period.

5.    This action arises under the Administrative Procedure Act ("APA"), including 5 U.S.C. §§ 555(b), 702, and 706(1), and the Mandamus Act, 28 U.S.C. § 1361.

## II. PARTIES

6.    Plaintiff Leticia Xavier Silva is a native and citizen of **Brazil** who currently resides at **59 Audreys Lane, Marstons Mills, Massachusetts 02648, in Barnstable County**. Plaintiff is the beneficiary of an approved Form I-360 petition for SIJ classification and the applicant on a pending Form I-485 filed on June 22, 2022, under Receipt Number MSC2290576015.

7.    Defendant United States Citizenship and Immigration Services ("USCIS") is a component agency of the United States Department of Homeland Security ("DHS"). USCIS is responsible for receiving, processing, and adjudicating Plaintiff's Form I-485. Although USCIS possesses discretion concerning the ultimate disposition of the application, it has a nondiscretionary duty to process and adjudicate it within a reasonable time.

8.    Defendant United States Department of Homeland Security ("DHS") is an executive department of the United States that supervises USCIS. Pursuant to 8 U.S.C. § 1103(a), DHS is responsible for administering and enforcing the Immigration and Nationality Act and other laws relating to immigration.

9.      Defendant Joseph B. Edlow is the Director of USCIS. In that capacity, Defendant Edlow is responsible for the administration and operation of USCIS and for ensuring that the agency performs its statutory and regulatory responsibilities, including the processing and adjudication of Plaintiff's Form I-485. Defendant Edlow is sued solely in his official capacity.

10.      Defendant Markwayne Mullin is the Secretary of Homeland Security. In that capacity, Defendant Mullin exercises supervisory authority over USCIS and is responsible for administering and enforcing the immigration and nationality laws of the United States. Defendant Mullin is sued solely in his official capacity.

11.      Defendant Sarah Kendall is the Acting Associate Director of the USCIS Field Operations Directorate, which oversees USCIS field and district offices nationwide and is responsible for the administration and supervision of field operations involved in the adjudication of applications for immigration benefits, including Form I-485 applications. Defendant Kendall is sued solely in her official capacity.

### III. JURISDICTION AND VENUE

12.      This action arises under federal law. This Court has subject-matter jurisdiction under 28 U.S.C. § 1331 because Plaintiff's claims arise under the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 555(b), 702, and 706(1), and under the Mandamus Act, 28 U.S.C. § 1361.

13.      The APA requires federal agencies to conclude matters presented to them within a reasonable time and authorizes reviewing courts to compel agency action unlawfully withheld or unreasonably delayed. See 5 U.S.C. §§ 555(b), 706(1).

14.      Jurisdiction is also proper under 28 U.S.C. § 1361 because Plaintiff seeks to compel federal officers and employees to perform duties owed to her, namely, to resume processing and adjudicate her properly filed Form I-485 within a reasonable time.

15. Congress has expressed a policy that the processing of an immigration benefit application should ordinarily be completed not later than 180 days after its initial filing. See 8 U.S.C. § 1571(b). Although this provision does not establish a mandatory adjudication deadline, it provides persuasive guidance in evaluating the reasonableness of agency delay. The statute expressly characterizes the 180-day period as the "sense of Congress."

16. This Court has authority to grant declaratory and prospective relief pursuant to 28 U.S.C. §§ 2201 and 2202. Plaintiff further seeks reasonable attorneys' fees, expenses, and costs as authorized by the Equal Access to Justice Act, 28 U.S.C. § 2412, to the extent applicable.

17. Venue is proper in the District of Massachusetts pursuant to 28 U.S.C. § 1391(e) because Defendants are federal agencies and officers sued in their official capacities, Plaintiff resides at 59 Audreys Lane, Marstons Mills, Massachusetts 02648, in Barnstable County, and no real property is involved in this action. Venue is further proper because Defendants' continued failure to adjudicate Plaintiff's application has caused and continues to cause harm to Plaintiff within this District.

### IV. FACTUAL BACKGROUND

18. Plaintiff Leticia Xavier Silva is the beneficiary of an approved Form I-360, Petition for Amerasian, Widow(er), or Special Immigrant, based on her classification as a Special Immigrant Juvenile ("SIJ"). USCIS received Plaintiff's Form I-360 on June 22, 2022, assigned Receipt Number **MSC2290576016**, and accorded the petition a priority date of **June 22, 2022**. USCIS approved the petition on December 24, 2022.

19. Plaintiff also filed Form I-485, Application to Register Permanent Residence or Adjust Status, on June 22, 2022, seeking adjustment of status based on her SIJ classification. USCIS subsequently identified Plaintiff's adjustment application under Receipt Number

**MSC2290576015** and A-Number **216-901-434**. Counsel's congressional-assistance request likewise identifies the I-485 as having been filed on June 22, 2022 under that receipt number.

20.     Plaintiff and counsel did not receive a separate Form I-797C receipt notice for the Form I-485. Nevertheless, USCIS has repeatedly recognized and processed the adjustment application under Receipt Number MSC2290576015, including by issuing a Request for Evidence concerning the application and by later accepting a service request regarding its continued pendency.

21.     On July 22, 2024, USCIS issued a Request for Evidence ("RFE") concerning Plaintiff's pending Form I-485. The RFE stated that additional evidence was required to process the adjustment application and requested that Plaintiff submit a completed Form I-693, Report of Immigration Medical Examination and Vaccination Record. The RFE instructed Plaintiff that her response had to be received by USCIS no later than October 17, 2024.

22.     Plaintiff timely complied with USCIS's evidentiary request. Through counsel, Plaintiff prepared and submitted a response to the RFE together with the requested Form I-693 in a sealed envelope. Counsel's response letter, dated August 16, 2024, expressly identified Plaintiff's Form I-485 as Receipt Number MSC2290576015 and stated that the submission included both the RFE notice and Plaintiff's completed medical examination.

23.     The RFE response was directed to the USCIS Los Angeles County Field Office, P.O. Box 532939, Los Angeles, California 90053. The mailing documentation reflects USPS Priority Mail Tracking Number **9405 5362 0807 0902 2810 96**.

24.     Plaintiff has therefore complied with the evidentiary requirements identified by USCIS within her control. The materials presently available to Plaintiff and counsel reflect no

subsequent Request for Evidence, Notice of Intent to Deny, or other USCIS notice identifying an additional evidentiary deficiency requiring action by Plaintiff.

25.     At some point after Plaintiff responded to the RFE, USCIS placed the Form I-485 in a visa-number-unavailability status. USCIS's online case-status system presently states **"Case Remains Pending"** and explains that USCIS temporarily paused work on the application because an immigrant visa number was not immediately available. The same status expressly states that USCIS will resume processing once an immigrant visa number becomes immediately available.

26.     Plaintiff's approved SIJ petition carries a priority date of June 22, 2022. The Department of State's August 2026 Visa Bulletin lists a **October 15, 2022** Final Action Date for the employment-based fourth-preference category for all chargeability areas. The Visa Bulletin explains that where a Final Action Date is listed, immigrant visa numbers are authorized for qualified applicants whose priority dates are earlier than the listed date. Plaintiff's June 22, 2022 priority date precedes October 15, 2022.

27.     Accordingly, the visa-number unavailability that USCIS identified as the reason for pausing Plaintiff's Form I-485 no longer bars continued processing under the August 2026 Visa Bulletin. Plaintiff's priority date is presently within the applicable Final Action Date, subject to USCIS's ordinary determination of continued statutory eligibility and allocation of an immigrant visa number.

28.     Despite the disappearance of the stated visa-number impediment, USCIS has not issued a final decision on Plaintiff's Form I-485, informed Plaintiff that processing has resumed, scheduled any further adjudicative action, or provided Plaintiff with a definite timeframe for completion of her case.

29.     As of August 2026, Plaintiff's Form I-485 has remained pending for more than **four years** since its June 22, 2022 filing. During that period, Plaintiff obtained approval of the underlying SIJ petition, complied with USCIS's request for a medical examination, and waited through the period in which USCIS considered an immigrant visa number unavailable.

30.     USCIS's published processing-time materials explain that its reported processing times are based on the amount of time required to complete eighty percent of adjudicated cases during the preceding six months and are intended as a reference point rather than an absolute adjudication deadline. Plaintiff's case, however, has remained pending for more than four years and USCIS has provided no individualized timetable for adjudication now that her priority date is within the applicable Final Action Date.

31.     In an effort to obtain agency action without litigation, Plaintiff submitted a service request to USCIS on July 29, 2026 concerning the delayed processing of her Form I-485. USCIS acknowledged the request, assigned **Inquiry ID SR12102602669RPA**, and informed Plaintiff that USCIS might require at least sixty days to process the inquiry. The acknowledgment did not provide a projected date for adjudication of the underlying Form I-485.

32.     Plaintiff also sought congressional assistance. On August 5, 2026, counsel contacted the Office of United States Senator Edward J. Markey regarding Plaintiff's pending Form I-485. Counsel advised the congressional office that Plaintiff's application had been pending for more than four years, that USCIS had approved her SIJ petition, that Plaintiff had complied with USCIS's evidentiary requirements, and that USCIS's online system continued to state that the case remained pending because an immigrant visa number was unavailable.

33.    Senator Markey's constituent-services office responded the same day, acknowledged the delay, and confirmed that the office would contact USCIS regarding Plaintiff's case and provide further updates.

34.    Despite Plaintiff's direct service request to USCIS and her request for congressional assistance, USCIS has not adjudicated the Form I-485, provided a definite date by which adjudication will occur, or identified any presently outstanding action that Plaintiff must take before USCIS can proceed.

35.    Plaintiff currently resides at **59 Audreys Lane, Marstons Mills, Massachusetts 02648**, in Barnstable County. The continued pendency of her adjustment application directly affects her in this District.

36.    The prolonged delay has caused Plaintiff continuing uncertainty regarding her immigration status and her future in the United States. Although USCIS approved the underlying SIJ petition and Plaintiff's priority date is now within the applicable Final Action Date, Plaintiff remains unable to obtain the final adjudication necessary to determine whether she will be granted lawful permanent resident status.

37.    Plaintiff has done everything presently required of her to permit adjudication of the Form I-485. She filed the adjustment application, obtained approval of the underlying SIJ petition, responded to USCIS's RFE with the requested medical examination, waited during the period of visa-number unavailability, submitted a USCIS service request, and sought congressional intervention.

38.    USCIS retains discretion to determine whether Plaintiff ultimately qualifies for adjustment of status and whether the Form I-485 should be approved or denied. Plaintiff does not

ask this Court to compel USCIS to approve her application or to dictate the substantive outcome of the adjudication.

39.    Plaintiff seeks only an order requiring Defendants to perform the agency action that remains outstanding: to resume processing and adjudicate Plaintiff's pending Form I-485 within a definite and reasonable period.

## V. EXHAUSTION OF REMEDIES

40.    Plaintiff has pursued the administrative avenues reasonably available to her in an effort to obtain adjudication of her long-pending Form I-485.

41.    USCIS provides no formal administrative appeal or motion through which an applicant may compel adjudication of a Form I-485 that remains pending without a final decision.

42.    On July 29, 2026, Plaintiff submitted a service request to USCIS regarding the delayed processing of her Form I-485. USCIS acknowledged the inquiry, assigned Inquiry ID **SR12102602669RPA**, and advised that it might require at least sixty days to process the request. The acknowledgment did not provide a substantive explanation for the continued delay or a definite date for adjudication of the underlying adjustment application.

43.    Plaintiff also sought congressional assistance. On August 5, 2026, counsel contacted the Office of United States Senator Edward J. Markey regarding Plaintiff's pending Form I-485, the approved Special Immigrant Juvenile petition, the prolonged pendency of the adjustment application, and USCIS's continued case-status notation concerning visa-number availability.

44.    Senator Markey's constituent-services office responded that same day and confirmed that it would contact USCIS regarding Plaintiff's case and keep counsel updated.

45.    Despite Plaintiff's direct inquiry to USCIS and her request for congressional assistance, USCIS has not adjudicated the Form I-485, provided a definite adjudication timeframe, or identified any additional action presently required from Plaintiff.

46.    Plaintiff has therefore exhausted the practical administrative avenues reasonably available to her. Because no adequate administrative mechanism exists through which Plaintiff may compel USCIS to complete adjudication of her pending Form I-485, judicial relief under the Administrative Procedure Act and the Mandamus Act is appropriate.

## VI. CAUSE OF ACTION

47.    Plaintiff incorporates by reference the preceding allegations as though fully set forth herein.

48.    The Administrative Procedure Act requires federal agencies to conclude matters presented to them "within a reasonable time." 5 U.S.C. § 555(b). When agency action has been unlawfully withheld or unreasonably delayed, a reviewing court shall "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1).

49.    USCIS retains discretion regarding the ultimate approval or denial of Plaintiff's Form I-485. Plaintiff does not ask this Court to direct USCIS to approve her application or to dictate any substantive outcome. Plaintiff seeks only an order compelling Defendants to resume processing and adjudicate the application within a definite and reasonable period.

50.    The Mandamus Act, 28 U.S.C. § 1361, further authorizes relief where a plaintiff establishes a clear right to agency action, a corresponding nondiscretionary duty owed by the agency, and the absence of another adequate remedy. Plaintiff has a right to a decision on her properly filed adjustment application, Defendants have a duty to process and adjudicate that

application, and no administrative mechanism exists through which Plaintiff can compel final agency action.

51.     Courts evaluating claims of unreasonable agency delay commonly consider the six-factor framework articulated in *Telecommunications Research & Action Center v. FCC* ("TRAC"), 750 F.2d 70 (D.C. Cir. 1984).

52.     The first TRAC factor, the "rule of reason," weighs in Plaintiff's favor. Plaintiff filed her Form I-485 on June 22, 2022, and the application has remained pending for more than four years without final adjudication. During that period, USCIS approved Plaintiff's underlying SIJ petition, requested additional evidence, received Plaintiff's response, and later placed the adjustment application in a visa-number-unavailability status.

53.     USCIS's online case-status system states that processing was temporarily paused because an immigrant visa number was not immediately available and that processing would resume once a visa number became immediately available.

54.     Plaintiff's approved SIJ petition carries a priority date of June 22, 2022. The August 2026 Visa Bulletin lists an October 15, 2022 Final Action Date for the employment-based fourth-preference category for all chargeability areas. Plaintiff's priority date is therefore earlier than the applicable Final Action Date.

55.     Although the visa-number impediment identified by USCIS is no longer reflected in the applicable Final Action Date, USCIS has not issued a final decision, provided a definite adjudication schedule, or identified any additional action presently required from Plaintiff.

56.     The second TRAC factor also favors Plaintiff. Congress has expressed a policy that immigration benefit applications should ordinarily be completed within 180 days. See 8 U.S.C. § 1571(b). Although that provision does not establish a mandatory deadline, Plaintiff's

more-than-four-year wait substantially exceeds that benchmark and provides context for evaluating the reasonableness of the delay.

57.     The third TRAC factor, which considers the effect of delay on human health and welfare, weighs in Plaintiff's favor. Plaintiff remains unable to obtain a final determination on her eligibility for lawful permanent residence despite her approved SIJ classification, her compliance with USCIS's evidentiary request, and her presently current priority date. The continued delay causes prolonged uncertainty regarding her immigration status, legal security, and future in the United States.

58.     The fourth TRAC factor considers the effect that expediting delayed agency action may have on competing agency priorities. Plaintiff does not seek preferential approval, immediate issuance of lawful permanent resident status, or displacement of another applicant. She seeks only a final adjudication of an application that has remained pending for more than four years after she satisfied the requirements identified by USCIS.

59.     USCIS's own published processing-time materials explain that reported processing times are reference points based on the time required to complete eighty percent of adjudicated cases during the preceding six months and are not absolute adjudication deadlines. Nevertheless, Plaintiff's application has remained pending for years without a definite timetable for final action.

60.     The fifth TRAC factor, the nature and extent of the interests prejudiced by the delay, also favors Plaintiff. Plaintiff remains unable to obtain a final decision on her adjustment application and continues to experience the legal and personal uncertainty attendant to an unresolved application for lawful permanent residence.

61.     The sixth TRAC factor does not require Plaintiff to establish agency bad faith or impropriety. Even in the absence of bad faith, prolonged and unexplained agency delay may be unreasonable. Here, USCIS has not identified any current evidentiary deficiency attributable to Plaintiff, and the agency has not provided a definite schedule for completing adjudication after Plaintiff's priority date became current.

62.     Plaintiff has also pursued available nonjudicial avenues. On July 29, 2026, she submitted a USCIS service request concerning the delayed processing of her Form I-485. USCIS acknowledged the request, assigned Inquiry ID SR12102602669RPA, and stated that it might require at least sixty days to process the inquiry, but it did not provide a date for final adjudication.

63.     Plaintiff thereafter sought congressional assistance through the Office of Senator Edward J. Markey. Senator Markey's office confirmed that it would contact USCIS regarding the case. Despite these efforts, Plaintiff's Form I-485 remains unadjudicated.

64.     Defendants' continued failure to complete adjudication of Plaintiff's Form I-485 constitutes agency action unlawfully withheld or unreasonably delayed within the meaning of 5 U.S.C. § 706(1).

65.     Plaintiff respectfully requests that this Court compel Defendants to resume processing and adjudicate her Form I-485 within thirty days, or within such other definite and reasonable period as the Court deems appropriate.

## VII. PRAYERS FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in her favor and grant the following relief:

a) Assume jurisdiction over this action pursuant to 28 U.S.C. § 1331, the Administrative Procedure Act, 5 U.S.C. §§ 555(b), 702, and 706(1), and the Mandamus Act, 28 U.S.C. § 1361;

b) Declare that Defendants' continued failure to resume processing and adjudicate Plaintiff's Form I-485, Application to Register Permanent Residence or Adjust Status, Receipt Number **MSC2290576015**, constitutes agency action unlawfully withheld or unreasonably delayed;

c) Order Defendants to complete any remaining agency review and adjudicate Plaintiff's Form I-485 within **thirty (30) days** of the Court's Order, or within such other definite and reasonable period as the Court deems appropriate;

d) Require Defendants to issue a final adjudicative decision on Plaintiff's Form I-485 without directing or predetermining whether the application must be approved or denied;

e) Retain jurisdiction over this matter until Defendants have fully complied with the Court's Order and issued a final decision on Plaintiff's Form I-485;

f) Award Plaintiff reasonable attorneys' fees, expenses, and costs pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412, to the extent permitted by law; and

g) Grant such other and further relief, at law or in equity, as this Court deems just and proper.

Respectfully submitted,

Clarissa Moraes Kalil, Esq.
The Law Office of Clarissa M. Kalil
129 Concord St, Suite 1
Framingham, MA 01702
Tel: (857) 218-0400

## CERTIFICATE OF SERVICE

I, Clarissa M. Kalil, counsel for Plaintiff, hereby certify that on August 6, 2026, I served a copy of the foregoing **Complaint for Relief Under the Administrative Procedure Act and Petition for Writ of Mandamus Under 28 U.S.C. § 1361**, together with the summonses, by certified mail, return receipt requested, upon the following pursuant to Federal Rule of Civil Procedure 4(i):

**U.S. Citizenship and Immigration Services**
Office of the Chief Counsel
5900 Capital Gateway Drive
Mail Stop 2120
Camp Springs, MD 20588-0009

**Joseph B. Edlow**
Director, U.S. Citizenship and Immigration Services
5900 Capital Gateway Drive
Camp Springs, MD 20588-0009

**United States Department of Homeland Security**
Office of the General Counsel
2707 Martin Luther King Jr. Avenue, SE
Mail Stop 0485
Washington, DC 20528-0485

**The Honorable Markwayne Mullin**
Secretary of Homeland Security
2707 Martin Luther King Jr. Avenue, SE
Mail Stop 0485
Washington, DC 20528-0485

**Sarah Kendall**

Acting Associate Director

USCIS Field Operations Directorate

850 NW Chipman Road, Suite 5000

Lee's Summit, MO 64063


Respectfully submitted,


Clarissa Moraes Kalil, Esq.
The Law Office of Clarissa M. Kalil
129 Concord St, Suite 1
Framingham, MA 01702
Tel: (857) 218-0400